## William A. Packard *versus* Charles A. Packard.

A testator devised as follows : " I order that S. J. shall have a decent support out of my estate, so long as she remains at my house where she now is. I give and bequeath unto my two sons, W. P. and C. A. P., all my lands and buildings, and also my right in a saw-mill, and my right in a pew in the meetinghouse in B., and also all my farming tools, to be divided equally between them, if they should live to become of age, otherwise it is my will it should go to one of them." It was *held*, that the two sons took a vested estate in fee, determinable, as to the one who might die first, upon the contingency of his dying under twenty-one years of age ; that the heirs of the eldest son, who had died after he became of age, but during the minority of his brother, who had since arrived at full age, were entitled to one half of the real estate so devised ; and that a division of the estate so devised, made by virtue of a warrant from the Probate Court, during the minority of the youngest son, the eldest being of full age, was valid.

WRIT of entry, wherein the demandants counted upon their own seisin. The tenant pleaded *nul disseisin.*

By an agreed statement of facts it appeared, that the demanded premises were a part of the real estate of which Ames Packard died seised.

On August 1, 1814, Ames Packard made his will, which contained the following clauses, to wit : " 1. I order the improvement of all my estate, both real and personal, or so much as is needful, to be improved for the support of my wife and children, so long as she shall remain my widow and no longer, and for the support of my children until they shall become of age. 2. I order that widow Susannah Joy, my wife's mother, shall have a decent support out of my estate, so long as she remains at my house when she now is. 3. 1

Packard
v.
Packard.

give and bequeath unto my two sons, William Packard and Charles A. Packard, all my lands and buildings ; and also my right in a saw-mill and my right in a pew in the meetinghouse in the north parish, Bridgewater, and also all my farming tools, to be divided equally between them, if they should live to become of age, otherwise it is my will it should go to one of them."

The testator died in a few months after the execution of his will, and the will was duly proved and allowed. Susannah Packard, the wife of the testator, died in a few days after her husband's decease.

William Packard was born on September 5, 1797, and Charles A. Packard, the tenant, was born on November 4, 1810. In pursuance of a warrant issued from the Probate Court, no September 4, 1820, a division was made of the real estate of which the testator died seised, between William and Charles A., and approved by the judge of probate in April 1821. By this division, the demanded premises were assigned to William in severalty, and they were so held by him until May 8, 1824, when he died, intestate, leaving the demandants, his children. The demandants continued in the possession of the real estate in question, until they were dispossessed by the tenant, under a writ of possession issued upon a judgment recovered by him against Ambrose Packard, who was then in possession under the demandants. That portion of the estate of the testator, which was assigned to the tenant upon the division, was held by his guardian, during his minority, for his benefit, and has been in his own possession since the tenant became of age.

Judgment was to be rendered upon nonsuit or default, according as the opinion of the Court should be upon these facts.

*Oct 22d.*     *Eddy* and *Stevens*, for the demandants, to the point, that by the will, the fee in the real estate passed to William and Charles A., cited *Frogmorton* v. *Holyday*, 3 Burr. 1618 ; *Doe* v. *Cundall*, 9 East, 400 ; to the point, that the estate became absolute in William, upon his arriving at full age, and afterwards opened to let in Charles A., *Dingley* v. *Dingley*, 5 Mass. R. 535 ; *Goodtitle* v. *Whitby*, 1 Burr. 228 ; *Tom-*

*kins* v. *Tomkins*, cited in 1 Burr. 234 ; *Bromfield* v. *Crowder*, 4 Bos. & Pul. 313 ; *Edwards* v. *Hammond*, 4 Bos. & Pul. 324, note ; *Doe* v. *Moore*, 14 East, 601 ; *Doe* v. *Nowell*, 1 Maule & Selw. 327 ; *Hawley* v. *Northampton*, 8 Mass. R. 3.

Packard
*v.*
Packard.

*Wood*, for the tenar :. It is not necessary for us to deny that a *vested* estate passed by the will, to William and Charles ; still it was contingent, and was not to be absolute till both arrived at full age ; now this never happened as regards William, he having died before Charles A. became of age. 4 Dane's Abr. 285 ; Powell on Dev. 250. The division between the brothers was not valid, because the parties, at the time, had only a reversion. Besides, one of them was a minor, and by the terms of the will, the division was not to be made until they became of age.

WILDE J. delivered the opinion of the Court. This case depends on the construction of the will of Ames Packard, the father of the tenant and grandfather of the demandants, which, although not very clearly expressed, indicates, as it appears to us, the intention of the testator with sufficient certainty.

*Oct. 24th*

The will, in the first place, directs that the whole of his estate, real and personal, or so much as might be needful, should be improved for the support of his widow, so long as she remained such, and of his children until they should become of age. The estate is then charged with the support of Susannah Joy, the testator's wife's mother. And then follows the clause in question, viz., " I give and bequeath to my two sons, William Packard and Charles A. Packard, all my lands and buildings, and also my right in a saw-mill, and my right in a pew in the meetinghouse in the north parish of Bridgewater, and also all my farming tools, to be equally divided between them, if they should live to become of age ; otherwise it is my will it should go to one of them."

By this devise the two sons took a vested estate in fee simple, determinable, as to the one who might die first, upon the contingency of his dying under twenty-one years of age. Here was a charge on the devise, for the support of Susannah Joy, which was not made payable out of the rents and profits,

and which, by all the authorities, is sufficient to give a fee; and there is no difference in the words of the will between the gift of the farming tools, and that of the real estate; and it is not to be supposed that the testator intended to give an absolute property in the personal estate, and an estate for life only in the real estate.

But the counsel for the tenant contends, that the contingency has happened by which the estate of William has been determined, he having died before his brother, the tenant, arrived at the age of twenty-one years. This, however, we think would be manifestly against the intention of the testator, and indeed against the express words of the will; for both have lived to become of age. The intention was undoubtedly, that if one died under age, the other surviving, the whole estate should go to the survivor.

The only remaining question is, whether the demandants are entitled to recover the whole of the demanded premises, or only a moiety. And we are of opinion, that they are entitled to recover the whole. It has been objected, that the division or partition between the brothers is not valid, because the parties at the time had only a reversion, and not a vested estate in possession. If the fact were so, this objection would doubtless be well founded. But the whole real estate was devised to the two sons, subject to a charge only, and they had, at the time of the division, a vested estate in possession, notwithstanding the charge and the contingency.

*Judgment for the demandants.*